United States v. Haverkamp

# In the

# United States Court of Appeals

## For the Second Circuit

_____

August Term 2019

No. 18-3735-cr

UNITED STATES OF AMERICA,

*Appellee*,

v.

PAUL HAVERKAMP,

*Defendant-Appellant*.

_____

Appeal from the United States District Court
for the Southern District of New York
No. 1:17-cr-00509, Ronnie Abrams, District Judge, Presiding.
(Argued: December 11, 2019; Decided: May 4, 2020)

Before:

SACK, PARKER, and CHIN, *Circuit Judges*.

Appeal from a judgment of the United States District Court for the Southern District of New York (Abrams, *J.*), sentencing defendant-appellant, upon his guilty plea, to 121 months of imprisonment, five years of supervised release, a $200 special assessment under 18 U.S.C. § 3013, and a $10,000 assessment under 18 U.S.C. § 3014. Defendant-appellant contends that his

sentence of 121 months is substantively unreasonable, that the district court erred in imposing the $10,000 special assessment, and that a computer monitoring condition of his supervised release was overbroad.


AFFIRMED IN PART, VACATED IN PART, AND REMANDED

_____


ALINE R. FLODR, Assistant United States Attorney (Daniel B. Tehrani, Assistant United States Attorney, *on the brief*) *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, *for Appellee*.

YUANGCHUNG LEE Federal Defenders of New York, Inc. Appeals Bureau, New York, NY, *for Defendant-Appellant*.

_____


BARRINGTON D. PARKER, *Circuit Judge*:

Paul Haverkamp appeals from a judgment of conviction entered in the

United States District Court for the Southern District of New York (Abrams, J.).

The judgment followed a plea of guilty to one count of distribution and receipt of

child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1) and

one count of possession of child pornography in violation of 18 U.S.C. §§

2252A(a)(5)(B), 2252A(b)(2). Haverkamp was sentenced to 121 months of imprisonment, to be followed by five years' supervised release. In addition, the district court imposed a $200 mandatory special assessment under 18 U.S.C. § 3013 as well as a $10,000 assessment under 18 U.S.C. § 3014. One of the conditions of supervised release required that Haverkamp submit to computer monitoring that will alert the Probation Office should any "impermissible or suspicious activity" occur on an internet-connected device he might be using.

On appeal, Haverkamp challenges his term of imprisonment as substantively unreasonable, the $10,000 special assessment as legally impermissible, and the computer monitoring condition of his supervised release as overbroad. For the reasons set forth below, we affirm the sentence in part, vacate in part, and remand for further proceedings consistent with this opinion.

## BACKGROUND

From approximately March 17, 2017 through April 23, 2017, Haverkamp exchanged over 400 messages with an undercover agent from the Federal Bureau of Investigation on the social media app KIK. Over the course of their conversations, Haverkamp sent the Agent approximately 35 image and video files and shared a link to a cloud storage account that contained hundreds of files

of child pornography. The files contained images depicting the sexual exploitation of children, including infants and toddlers. In July 2017, FBI Special Agents executed a search warrant at Haverkamp's apartment. Haverkamp was home at the time and voluntarily spoke with agents. Over the course of the interview, he made numerous incriminating statements. Haverkamp was prosecuted and in June 2018 he pleaded guilty to a two-count indictment. The first count charged distribution and receipt of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(B), 2252A(b)(1) and the second count charged possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), 2252A(b)(2). The Probation Office prepared a presentence report in which it calculated a total offense level of 37, a Criminal History Category of I, and a resulting Guidelines range of 210-262 months.

## DISCUSSION

Haverkamp's first challenge on appeal is to the substantive reasonableness of his sentence. We apply a "deferential abuse-of-discretion" standard to that challenge. *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).[1] A sentence is

---

[1] Unless otherwise noted, when quoting from published judicial decisions, all internal quotation marks, brackets, and citations have been omitted.

4

substantively unreasonable if it "cannot be located within the range of permissible decisions," shocks the conscience, or constitutes manifest injustice. *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

Haverkamp contends that the district court erred by not approaching the child pornography guidelines with the "appropriate skepticism." As support, he points to this Court's precedent, which expresses concerns about § 2G2.2, describing it as a "Guideline that is fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what [18 U.S.C.] § 3553 requires." *United States v. Dorvee*, 616 F.3d 174, 184 (2d Cir. 2010).

Our review of the record shows no abuse of discretion. To the contrary, the record reflects that the district court properly considered the "nature and circumstances of the offense" when fashioning the sentence imposed. The district court noted the volume of messages, videos, and photographs Haverkamp exchanged and emphasized that his conduct went beyond the trading of existing child pornography. Specifically, the district court explained that Haverkamp's conduct included the solicitation of the production of child pornography from minors over social media as well as his admission that at one point in time he

had sexual relations with a 14-year-old boy. The district court also expressly acknowledged Haverkamp's timely acceptance of responsibility, his apparently genuine expression of regret and remorse, his active engagement in therapy, and his volunteer work while incarcerated. The district court considered all these factors and concluded that a sentence of 121 months' imprisonment, which was well below Haverkamp's Guidelines range, was warranted. We see no manifest injustice in that conclusion.

Next, Haverkamp argues that the district court erred in imposing a $10,000 special assessment under 18 U.S.C. § 3014. The special assessment was applied by the district court on a "per-count" basis, rather than a "per-offender" basis, which would have limited the assessment to $5,000. We review the district court's imposition of the special assessment for plain error because Haverkamp did not challenge this computation during his sentencing proceedings. *See United States v. Marcus*, 560 U.S. 258, 264-67 (2010); *United States v. Santiago*, 238 F.3d 213, 215-17 (2d Cir. 2001) (per curiam). Consequently, Haverkamp bears the "burden of persuasion on appeal to show that the district court committed plain error." *United States v. Gore*, 154 F.3d 34, 42 (2d Cir. 1998). However, as we have noted, a "relaxed" form of plain error review is appropriate in the sentencing context

because "the cost of correcting an unpreserved error is not as great as in the trial context." *United States v. Matta*, 777 F.3d 116, 121 (2d Cir. 2015); *see also United States v. Gamez*, 577 F.3d 394, 397 (2d Cir. 2009); *United States v. Williams*, 399 F.3d 450, 457 (2d Cir. 2005) ("[T]here is no need to apply the plain error doctrine in the sentencing context with precisely the same procedure that has been used in the context of review of errors occurring at trial.").

The Justice for Victims of Trafficking Act ("JVTA") was enacted in May 2015. Pub. L. No. 114-22, 129 Stat. 227 (2015). Section 101 of the JVTA amended the U.S. Code by adding § 3014, which reads in relevant part:

> (a) In general. – Beginning on the date of enactment of the Justice for Victims of Trafficking Act of 2015 and ending on September 30, 2019, in addition to the assessment imposed by section 3013, the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense under –
> (1) Chapter 77 (relating to peonage, slavery, and trafficking in persons);
> (2) Chapter 109A (relating to sexual abuse);
> (3) Chapter 110 (relating to sexual exploitation and other abuse of children);
> (4) Chapter 117 (relating to transportation for illegal sexual activity and related crimes); or
> (5) Section 274 of the Immigration and Nationality Act (8 U.S.C. § 1324) (relating to human smuggling … )

18 U.S.C. § 3014(a).[2]

"Statutory analysis begins with the plain meaning of a statute." *Natural Resources Defense Council v. Muszynski*, 268 F.3d 91, 97 (2d Cir. 2001). We derive meaning from context, thus, "a statute is to be considered in all its parts when construing any one of them." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 36 (1998).

We conclude that the text of § 3014, taken as a whole and in its context, is straightforwardly meant to be applied on a per-offender, not a per-count, basis. That provision directs the court to "assess **an** amount of $5,000 on any non-indigent person or entity convicted of an [eligible] offense . . ." 18 U.S.C. § 3014(a) (emphasis added). As a matter of grammar and common understanding, "an amount" on any person convicted means the amount is assessed one time. It does not mean an amount for each count of conviction.

Comparing § 3014 to § 3013 reinforces our conclusion that when Congress intended multiple amounts to be assessed rather than "an amount" it knew how to do so. Unlike § 3014, § 3013 instructs courts to impose a special assessment, the

---

[2] Though set to expire in September 2019, Congress extended § 3014 through September 2021. *See* Pub. L. No. 115-392, § 2(b)(1), 132 Stat. 5250, 5250 (Dec. 21, 2018).

amount of which varies, with specifications for the grade or classification of the offense or offenses of which the defendant is convicted. Indeed, § 3013(a) is divided into subsections, providing for distinct and nominal charges depending on whether the offense is an infraction, misdemeanor, or felony, and then further divided based on the class of misdemeanor. 18 U.S.C. § 3013(a). Section 3013 specifically ties the amount of the special assessment to the classification of the offense of conviction, and therefore plainly authorizes multiple assessments where there are multiple counts of conviction. The special assessments of § 3013 are also nominal, ranging from $5 for an infraction or a class C misdemeanor to $50 for a felony. As this Court has noted, it would not make sense to read § 3013 as imposing only one assessment on a given defendant. *United States v. Pagan*, 785 F.2d, 378, 381 (2d Cir. 1986). Section 3014, on the other hand, authorizes a single assessment: $5,000 if a defendant is convicted of an eligible offense. The classification of the offense and the number of offenses is not relevant to the assessment. The legislative record confirms this reading. The lead House sponsor of the JVTA, on the two-year anniversary of its passage, noted that the Act "allows a federal judge to impose **an** additional assessment of up to $5,000." 163 Cong. Rec. H4564 (daily ed. May 24, 2017) (statement of Rep. Poe) (emphasis

added). While not conclusive in itself, this remark lends further support to our conclusion that the special assessment in § 3014 applies on a per-offender basis.[3]

Applying relaxed plain error review requires the appellant to demonstrate that there is an error, and that the error is clear and obvious. *Marcus*, 560 U.S. at 262. That standard is satisfied here. The district court erroneously applied the special assessment on a per-count, rather than per-offender, basis. The statute, on

---

[3] The Third Circuit has recently held that the special assessment established by § 3014 is to be applied on a per-count, rather than per-offender basis. *United States v. Johnman*, 948 F.3d 612, 620 (3d Cir. 2020). That Court reasoned that "an offense" meant "a discrete criminal act" and "convicted" was an "offense-specific term." *Id.* at 617. Its main authority for this proposition was a case from the First Circuit, *United States v. Luongo*, 11 F.3d 7 (1st Cir. 1993), which interpreted a different provision—§ 3013—and held that "convicted of an offense" should be read to mean an assessment imposed for each qualifying conviction. *Id. Luongo* contained no discussion of § 3014, which had not been enacted when the case was decided. *Johnman* concluded that § 3014 should be read "lockstep" with § 3013 and interpreted in the same way. *Johnman*, 948 F.3d at 619. We respectfully disagree. Although §§ 3013 and 3014 both deal with post-conviction assessments, the two provisions differ in important respects. Section 3013 is a reticulated provision that calibrates assessments according to the severity of the offense(s)—from infractions to felonies and then sub-classifies them according to the class of misdemeanors. The assessment of § 3014 is far larger (one hundred to one thousand times greater) than the assessments provided for in § 3013. Section 3013 does not contain an indigency exception, whereas § 3014 does. Most importantly, the provision, "an amount," that underpins § 3014 differs sharply from § 3013, which specifies "the amount" for each discrete category of offense. We believe that these differences are too pronounced to justify *Johnman*'s "lockstep" approach.

its face, provides that the assessment is to be applied on a per-offender basis. In imposing it on a per-count basis, the district court committed legal error because the amount it imposed exceeded the maximum authorized by the statute.

Finally, Haverkamp appeals the imposition of the special condition of computer monitoring during his supervised release. Under this condition, Haverkamp must submit to the monitoring of his Internet-connected devices. He argues that the condition is overbroad and involves a greater deprivation of liberty than is reasonably necessary because it covers "all activity" on devices owned or operated by him. *See United States v. Myers*, 426 F.3d 117, 123-24 (2d Cir. 2005).

A challenge to a condition of supervised release is normally reviewed for abuse of discretion, but here, we review for plain error because Haverkamp failed to challenge this condition in the district court. *See United States v. Green*, 618 F.3d 120, 122 (2d Cir. 2010); *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). As noted above, in the sentencing context "the plain error doctrine should not be applied stringently." *Gamez*, 577 F.3d at 397; *Williams*, 399 F.3d at 457.

A condition of supervised release must be related to sentencing purposes and must impose no greater restraint on liberty than is reasonably necessary to

accomplish sentencing objectives. *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006). A district court is required to make an "individualized assessment" when determining whether to impose special conditions of supervised release. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). There must be a reasonable relationship between the factors considered by the district court in the individualized assessment and the special condition of release being challenged. *See Johnson*, 446 F.3d at 281.

The computer monitoring condition in question was reasonably related to the nature of Haverkamp's offense. He admitted to a history of sexual contact with children, both online and in person. Given these considerations, it was not plain error for the district court to impose this condition.[4]

We have considered Haverkamp's remaining arguments and find them to be without merit. Accordingly, we AFFIRM in part and VACATE in part the judgment of the district court and REMAND for further proceedings consistent with this opinion.

---

[4] We are not called upon to decide and we do not decide whether this condition would have been appropriate had the standard not been plain error.