20-3212-cr
*United States v. Fountain*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand twenty-one.

PRESENT:   JON O. NEWMAN,
           JOSÉ A. CABRANES,
           RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

　　　　　　　　*Appellee,*　　　　　　　　　　　　　　20-3212-cr

　　　　　v.

DOUGLAS FOUNTAIN,

　　　　　　　　*Defendant-Appellant.*

---

| | |
|---|---|
| **FOR APPELLEE:** | Carina H. Schoenberger, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Syracuse, NY |
| **FOR DEFENDANTS-APPELLEES:** | Molly K. Corbett, Assistant Federal Public Defender, Albany, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

1

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Douglas Fountain ("Fountain") pled guilty to eight counts of sexual exploitation of a child, 18 U.S.C. § 2251(a) and (e), one count of transportation of child pornography, *id.* § 2252A(a)(1) and (b)(1), and two counts of possession of child pornography depicting prepubescent minors or minors under age 12, *id.* § 2252A(a)(5)(B) and (b)(2). The District Court imposed a sentence of 960 months, below the guidelines range of life. This sentence consisted of 360 months on each sexual exploitation count and 240 months on each remaining count, with two of the sexual exploitation counts and one remaining count running consecutively, and the remaining counts running concurrently. Fountain challenges this sentence as procedurally and substantively unreasonable.

The District Court also imposed a 25-year term of supervised release, including a condition that Fountain not view, possess, own, subscribe to, or purchase material depicting sexually explicit content as defined in 18 U.S.C. § 2256(2) (the "sexually explicit content" condition). Fountain challenges the sexually explicit content condition as an abuse of discretion under 18 U.S.C. § 3583(d). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Fountain did not object below, we review for plain error his argument that the District Court inadequately explained why the sentences for some charges would run consecutively. *See United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007) ("[P]lain error analysis in full rigor applies to unpreserved claims that a district court failed to comply with § 3553(c)."). To meet the plain error standard, Fountain must establish a clear error that affected his substantial rights and seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Rosa*, 957 F.3d 113, 117-18 (2d Cir. 2020).

Fountain has not met this bar. The District Court explained that a 960-month sentence was necessary due to the nature of the offense and Fountain's efforts to avoid responsibility, including by blaming the victim and denying much of the offense conduct. This explanation of "why the total punishment imposed [was] sufficient, but not greater than necessary" sufficed to "guide the determination . . . to impose [a] sentence[] on multiple counts consecutively." *United States v. Pugh*, 945 F.3d 9, 27 (2d Cir. 2019); *see also United States v. Legree*, 836 F. App'x 54, 59–60 (2d Cir. 2020) (affirming a sentence where "the district court could have been more precise in explaining why concurrent sentences would not achieve a sufficient sentence" (alteration, citation, and internal quotation marks omitted)).

We also reject Fountain's argument that the District Court failed to adequately consider the factors under 18 U.S.C. § 3553(a). The District Court stated that it had considered these factors, and referred explicitly to "the need for the sentence to reflect the seriousness of [Fountain's] offense,

promote respect for the law, and provide just punishment for [Fountain's] crimes." App'x 100. This explanation suffices in light of our "presum[ption] that a sentencing judge has faithfully discharged her duty to consider the statutory factors" and "refus[al] to require judges to explain or enumerate how such consideration was conducted." *United States v. Kimber*, 777 F.3d 553, 565 (2d Cir. 2015) (citations omitted).

Nor can we conclude that Fountain's sentence "cannot be located within the range of permissible decisions." *United States v. Ingram*, 721 F.3d 35, 37 (2d Cir. 2013) (citation omitted). Fountain's guidelines imprisonment range was life. In light of the District Court's explanation, discussed above, we cannot find that Fountain's below-guidelines sentence of 960 months was substantively unreasonable. *See United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) ("It is . . . difficult to find that a below-Guidelines sentence is unreasonable.").[1]

Because Fountain "failed to challenge th[e] [sexually explicit content] condition in the district court," we apply the plain error standard. *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020). "To be permissible, . . . a condition prohibiting access to adult pornography must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019); *see also* 18 U.S.C. § 3583(d).

The District Court "adequately . . . connect[ed] the need for th[e] [sexually explicit content] condition to the defendant's likelihood of recidivism or to another sentencing factor." *Eaglin*, 913 F.3d at 99. Specifically, the District Court found that allowing Fountain "exposure to any form of pornography . . . may lead to high-risk behavior, including potential victimization of additional minors," due to Fountain's "intimacy defects and poor impulse control[,] which are known risk factors for recidivism by sexual offenders." App'x 109. We cannot find that this conclusion was plain error. *See United States v. Simmons*, 343 F.3d 72, 82 (2d Cir. 2003) (affirming a similar condition where the district court "conclude[d] that there was a connection between [the defendant's] viewing and possessing sexually explicit material and his criminal behavior"); *see also United States v. Savastio*, 777 F. App'x 4, 7-8 (2d Cir. 2019) (finding no plain error under similar circumstances).

---

[1] While we have noted that the guidelines governing child pornography offenses "can lead to unreasonable sentences that are inconsistent with . . . § 3553" "unless applied with great care," *United States v. Jenkins*, 854 F.3d 181, 188 (2d Cir. 2017) (citation omitted), we have held that these concerns are "inapplicable" where, as here, "the defendant was involved in the production of child pornography and had direct contact with child victims," *United States v. Muzio*, 966 F.3d 61, 65 (2d Cir. 2020).

## CONCLUSION

We have reviewed all of the arguments raised by Fountain on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the September 15, 2020 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk