21-1012-cr
*United States v. Gurbey*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of **March,** two thousand twenty-two.

PRESENT:   JOSÉ A. CABRANES,
                    REENA RAGGI,
                    SUSAN L. CARNEY,
                                *Circuit Judges.*

─────────────────────────────────

UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                                                              21-1012-cr

ARTHUR L. GURBEY,

                    *Defendant-Appellant.*

─────────────────────────────────

**FOR APPELLEE:**                              Emily C. Powers & Thomas R. Sutcliffe, Assistant United States Attorneys, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY

**FOR DEFENDANT-APPELLANT:**    Michelle Anderson Barth, Burlington, VT

Appeal from a judgment, entered April 15, 2021, by the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the April 15, 2021 judgment of the District Court be and hereby is **AFFIRMED**.

Defendant Arthur L. Gurbey appeals the District Court's judgment sentencing him principally to a 151-month term of imprisonment and a 15-year term of supervised release. On August 12, 2020, Gurbey pleaded guilty to one count of receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). His present appeal is limited to challenging two "special conditions" of supervised release which the District Court imposed at the time of sentencing: (1) that Gurbey may be required to submit to examinations using a polygraph or other forms of biometric monitoring ("Special Condition Six"); and (2) that Gurbey would be prohibited from viewing or possessing materials depicting sexually explicit conduct ("Special Condition Nine"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Because Gurbey failed to challenge Special Conditions Six and Nine before the District Court, we apply the plain error standard on appeal. *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020). To meet this standard, Gurbey must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up).

Gurbey challenges Special Condition Six on the ground that it violates his Fifth Amendment right against compelled self-incrimination. We disagree. Under the express terms of Special Condition Six, the requirement that Gurbey answer questions posed during a polygraph or other examination is "subject to [his] right to challenge in a court of law the use of such statements as violations of [his] Fifth Amendment rights," such that Gurbey "will be deemed to have not waived [his] Fifth Amendment rights." App'x 121. As Gurbey acknowledges, we have squarely held that a polygraph condition which preserves a defendant's rights to later challenge any resulting self-incrimination in court does not offend the Fifth Amendment. *United States v. Johnson*, 446 F.3d 272, 279-80 (2d Cir. 2006); *see United States v. Boles*, 914 F.3d 95, 112 (2d Cir. 2019) (reaffirming the holding in *Johnson*). We see no reason to think that Gurbey's condition is any different.

As for Special Condition Nine, we have held that such a condition is "unusual and severe" and thus "merit[s] our close examination." *United States v. Eaglin*, 913 F.3d 88, 95 (2d Cir. 2019).

"To be permissible, . . . a condition prohibiting access to adult pornography must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary." *Id.* at 99; *see also* 18 U.S.C. § 3583(d). We have emphasized that before imposing such a condition, a district court must make "detailed factual findings establishing that the proposed ban is reasonably related to the sentencing factors . . . and that it is reasonably necessary to accomplish their objectives." *Eaglin*, 913 F.3d at 99.

Under these standards, we cannot conclude that the imposition of Special Condition Nine was error, much less plain error. Upon review of the record, we find that the District Court "adequately . . . connect[ed] the need for that condition to [Gurbey's] likelihood of recidivism or to another sentencing factor." *Id.* The District Court found that allowing Gurbey "exposure to any form of pornography . . . may be . . . contraindicated . . . to [his] rehabilitation and may lead to high[-]risk behavior, continued sexual deviancy, and unreasonable expectations in sexual relationships and encouraging intimacy deficits," which the District Court concluded would "imped[e] [Gurbey's] rehabilitation." App'x 112. The District Court reached these conclusions after noting that Gurbey had "admitted . . . that [he] ha[d] an addiction to internet pornography and incest[-]themed pornography" and that he "possessed adult pornography along with child pornography on [his] cellphone." *Id.* Under these circumstances, we see no reason to disturb the District Court's imposition of Special Condition Nine. *See, e.g.*, *United States v. Fountain*, 859 F. App'x 606, 608 (2d Cir. 2021) (summary order); *United States v. Savastio*, 777 F. App'x 4, 7-8 (2d Cir. 2019) (summary order).

We have considered all of Gurbey's remaining arguments and find them to be without merit. For the foregoing reasons, therefore, we **AFFIRM** the April 15, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3