21-2815-cr
*United States v. Deverso*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

   **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of November, two thousand twenty-two.**

PRESENT: JOSÉ A. CABRANES,
     BARRINGTON D. PARKER,
     STEVEN J. MENASHI,
        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee,*        21-2815-cr

     v.

DONALD JAMES DEVERSO,

      *Defendant-Appellant.*\*

---

**FOR DEFENDANT-APPELLANT:**   Melissa A. Tuohey, Assistant Federal Defender, *for* Lisa A. Peebles, Federal Public Defender, Syracuse, NY.

**FOR APPELLEE:**       Rajit S. Dosanjh, Assistant United States Attorney, *for* Carla B. Freedman, United

---

\*  The Clerk of Court is directed to amend the caption as set forth above.

States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from an order modifying the conditions of supervised release for Defendant-Appellant, Donald J. Deverso, entered on November 5, 2021, in the United States District Court for the Northern District of New York (Norman A. Mordue, *Senior Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Donald J. Deverso ("Deverso") appeals from an order modifying the conditions of supervised release that prohibits Deverso from viewing or possessing materials depicting "sexually explicit conduct, as defined in 18 U.S.C. [§] 2256(2)." We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Deverso contends that the condition is invalid because (1) the District Court imposed it in a procedurally unreasonable manner; (2) it is not "reasonably related" to one or more of the 18 U.S.C. § 3553(a) sentencing factors and is therefore substantively unreasonable; and (3) it is vague and overbroad, thus violating his First Amendment rights. We address each claim in turn.

First, Deverso argues that the condition is procedurally unreasonable because the District Court failed to conduct an individualized assessment. "A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it; the failure to do so is error." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Although we ordinarily review the imposition of a special condition of supervised release for "abuse of discretion," *United States v. Peterson*, 248 F.3d 79, 82 (2d Cir. 2001), where an appellant failed to raise a claim of procedural error at the district court, we review only for "plain error," *United States v. Villafuerte*, 502 F.3d 204, 211 (2d Cir. 2007); *United States v. Verkhoglyad*, 516 F.3d 122, 128 (2d Cir. 2008). Here, we apply the plain error standard because Deverso "failed to challenge th[e] [sexually explicit material] condition in the district court." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020); App'x 76.

When imposing the supervised release condition, the District Court stated that (1) the condition was "common" in similar cases, (2) it had "reviewed and considered all the pertinent information, including, but not limited to, the presentence investigation report, the submissions by counsel, the 2018 edition of the Sentencing Guidelines Manual, and the factors that are outlined in 18 U.S.C. 3553(a)," and (3) "the fact that he . . . possesses and transports and produces" child pornography supported its conclusion that the condition was "necessary to promote [Deverso's] rehabilitation and to protect the public," App'x 72–73. Even if the District Court should have provided a more individualized assessment—a conclusion we need not reach—any such error was harmless because the reasons for the condition are "self-evident in the record." *Betts*, 886 F.3d at 202. For instance, the record shows that websites containing pornographic content helped to facilitate Deverso's sexual contact with minors, which leads us to conclude that any possible error was harmless.

Second, Deverso claims that the condition is substantively unreasonable because it is not "reasonably related" to the 18 U.S.C § 3553(a) sentencing factors and has resulted in an

2

unreasonable deprivation of liberty in violation of 18 U.S.C § 3583(c)(2). "To be permissible, . . . a condition prohibiting access to adult pornography must be reasonably related to the enumerated statutory factors and must impose no greater deprivation of liberty than reasonably necessary." *United States v. Eaglin*, 913 F.3d 88, 99 (2d Cir. 2019). Upon our review of this claim for "abuse of discretion," *Peterson*, 248 F.3d at 82, we conclude that the District Court "adequately . . . connect[ed] the need for th[e] [sexually explicit material] condition to the defendant's likelihood of recidivism or to another sentencing factor." *Eaglin*, 913 F.3d at 99. *See United States v. Simmons*, 343 F.3d 72, 82 (2d Cir. 2003) (affirming a similar condition where the district court "conclude[d] that there was a connection between [the defendant's] viewing and possessing sexually explicit material and his criminal behavior"). Because the District Court did not abuse its discretion in concluding that the condition is reasonably related to Deverso's offense, the condition is neither substantively unreasonable nor results in an unreasonable deprivation of liberty.

Last, Deverso asserts that "the challenged condition [runs] afoul of the First Amendment because it is vague and overbroad." Deverso's Br. 19–20. We "review the imposition of conditions of supervised release for abuse of discretion," but review "any related legal rulings de novo." *Eaglin*, 913 F.3d at 94. While the First Amendment protects non-obscene depictions of sexual conduct by adults, *Reno v. ACLU*, 521 U.S. 844, 858–59 (1997), such material "may be regulated in the hands of parolees to a much greater extent" than when possessed by "ordinary adults." *Eaglin*, 913 F.3d at 99 (quoting *Farrell v. Burke*, 449 F.3d 470, 497 (2d Cir. 2006)). Because the definition of "sexually explicit conduct" in 18 U.S.C. § 2256(2) referenced in the challenged condition, Joint App'x 74, "avoids reference to subjective standards and is sufficiently specific as to give adequate notice as to what conduct violates a prohibition on pornographic material," *Simmons*, 343 F.3d at 82, we conclude that the challenged condition is neither vague nor overbroad and does not violate the First Amendment.

## CONCLUSION

We have considered all of Deverso's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the November 5, 2021, order of the District Court modifying the conditions of supervised release for Donald J. Deverso.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3