23-6423
*United States v. Deutsch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of June, two thousand twenty-four.

PRESENT:
> RICHARD C. WESLEY,
> MICHAEL H. PARK,
> BETH ROBINSON,
> > *Circuit Judges.*

------

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                      No. 23-6423

JONATHAN DEUTSCH,

> *Defendant-Appellant.*

------

FOR APPELLEE:                    RACHEL A. SHANIES (Jo Ann M. Navickas and Megan Farrell, *on the brief*), Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York.

FOR APPELLANT:                   COLLEEN P. CASSIDY, Federal Defenders of New York, Inc., Appeals Bureau, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on April 24, 2023, is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED**.

Defendant-Appellant Jonathan Deutsch appeals from a judgment convicting him, following a jury trial, of six counts of attempted and four counts of substantive sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a) and (e), and sentencing him to 20 years' imprisonment followed by lifetime supervised release with certain special conditions.  On appeal, Deutsch argues (I) insufficient evidence supports each count of conviction, (II) statements made by the district court in its opening remarks to the jury require vacatur of his convictions, (III) the district court committed procedural error in sentencing him based on unspecified "literature" that purportedly suggests individuals like

2

Deutsch struggle to rehabilitate and tend to reoffend, and (IV) certain special conditions of supervised release were imposed without explanation and must be vacated. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm in part, vacate in part, and remand.

## I. Sufficiency of the Evidence

We review the denial of a Rule 29 motion for judgment of acquittal without deference to the district court, and must affirm if any rational jury could have found the essential elements of the crime beyond a reasonable doubt. *United States v. Dumitru*, 991 F.3d 427, 432 (2d Cir. 2021). In making that determination, we must view the evidence in the light most favorable to the government, credit every inference that could have been drawn in its favor, and defer to the jury's assessment of witness credibility and the weight of the evidence. *United States v. Persico*, 645 F.3d 85, 104 (2d Cir. 2011).

Sexual exploitation of a minor—sometimes referred to as production of child pornography—requires proof, in pertinent part, that the defendant employed, used, persuaded, induced, enticed, or coerced any minor to engage in

sexually explicit conduct[1] for the purpose of producing any image or video of such conduct.  18 U.S.C. § 2251(a).

This prosecution involved four minor victims, three of whom testified at trial.  The evidence demonstrated that Deutsch, through two separate Facebook accounts under false names, engaged the minor victims in sexually explicit conversations, sometimes over the course of months, during which the victims sent Deutsch sexually explicit images or videos of themselves.

Deutsch argues that the evidence was insufficient as to several components of the government's case—(1) attempted or actual persuasion or inducement, (2) of sexually explicit conduct, and (3) for the purpose of producing an image or video.  We disagree.

In the instances where Deutsch explicitly asked for photos or videos of the girls—"can I get a pic or two?"—the element of enticement is clear.  App'x 875.[2] Moreover, even where Deutsch did not specifically request a photo or video of the victims, a reasonable juror could infer that the overall scheme, the sexually

---

[1] The statute defines "sexually explicit conduct" as, among other things, actual or simulated sexual intercourse, masturbation, and lascivious (sexual) exhibition of the anus, genitals, or pubic area.  18 U.S.C. § 2256(2)(A).

[2] In quotations from caselaw and the parties' briefing, this order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

explicit nature of their conversations, and certain comments by Deutsch collectively support a finding that he attempted to or actually did persuade, induce, or entice the victims to send him explicit photos or videos of themselves. *See, e.g., id.* at 1045 ("[Y]ou can work toward cheering me up[.]"), 1056–57 (Victim: "I got a pic u might like," Deutsch: "oh yeah?"), 1373 (Deutsch: "good, horny . . . you?" Victim: "I help daddy," Deutsch: "please :)").

The evidence was also sufficient to prove that he enticed the victims to generate *sexually explicit* photos or videos. In some instances, Deutsch explicitly requested photos or videos that did or could contain depictions of the minors engaged in sexually explicit conduct. *See, e.g.,* App'x 191–92, 884–85, 939–42, 1289, 1398–99, 1402–03. Additionally, the fact that their conversations were almost entirely sexually explicit in nature would allow a reasonable juror to infer that when Deutsch asked for a "full body pic" or a "pic of you looking sexy," for example, he meant a *sexually explicit* picture, as defined by the statute. *Id.* at 840, 878–79, 1070; *see also id.* at 875, 1173, 1296–97, 1373, 1377–78.

Finally, the evidence was sufficient to prove that the victims *produced* these sexually explicit photos in response to his inducement. *See United States v. Broxmeyer*, 616 F.3d 120 (2d Cir. 2010). In *Broxmeyer*, we held that a § 2251(a)

conviction cannot be premised on the mere fact that the defendant persuaded the victim to *send* him a sexually explicit image or video; rather, the government must prove that the defendant's persuasion led to *production* of that image or video. *Id.* at 125–26.

Three victims testified that they produced the sexually explicit photos or videos of themselves *for* Deutsch, at his explicit or implicit request. App'x 127, 132–34, 194, 305–06. This is sufficient under *Broxmeyer*. The non-testifying victim is a closer call. Although she did not testify, a reasonable juror could infer from the fact that Deutsch asked for a "full body pic" and that, about a minute later, she sent him a nude full body picture, that the non-testifying victim *produced* this photo in response to Deutsch's request. *Id*. at 1069–70. This, too, is sufficient under *Broxmeyer*. We therefore affirm the sufficiency of the evidence as to each count of conviction.

## II.   The District Court's Remarks to the Jury

For the first time on appeal, Deutsch challenges certain comments from the district court's opening remarks to the jury. The court stated:

> I have to be concerned to make sure the emotions which you all have whenever we hear about **child molestation**, child pornography, child this, and I have it in spades myself, I've got to put it aside. I have to make sure that the rulings I make, that the fair trial I'm going to try to

give the Defendant, is not going to be predicated upon emotions but only on the charges against him, only on the evidence presented in trial.  Easier said than done.

Because I share this with you . . . **when I see a child molestation case, I think about my four-year-old granddaughter, I think about my two-year-old grandson, and I tell you if anybody ever harmed them, I would probably be indicted for murder**.  I can't let that happen.  I've got to take those emotions, which run deep with me, and really be aware that I got to put them aside because to convict somebody based upon emotions is a miscarriage of justice.

And you folks are going to be challenged.  I'm going to tell you over and over again **just focus on the nature of the crimes** that the Defendant, Mr. Deutsche, is being charged with.  And **there are a lot of them and they're very significant and they're very important**.  Doesn't mean he's guilty.  You're going to make that decision based solely on the charges against him; not other crimes, not that this guy may be a terrible person. . . .

I periodically am going to ask myself during the course of the trial to make sure that my rulings are not based upon the fact that **I'd probably kill somebody who would ever do anything to my grandchildren**.  You're going to be faced with the same challenge.  Because when it deals with things like children, the emotional level is so high that sometimes it prevents us from being rational and being focused on really the facts instead of our emotions.

So, that's my speech I give whenever I'm dealing with high emotional types of cases.

The charges against Mr. Deutsche are profound.  This trial, as you know, is a **major trial dealing with significant charges**, dealing with child pornography.  The Government has charged Mr. Deutsche with an array of violations of the child pornography laws.  You're going to hear all about that.

> Your job is to determine whether the Government has satisfied that high burden of proof rationally, not emotionally, by proof beyond a reasonable doubt with respect to any or all of these charges. It's a profound responsibility that you have in a very important case.

App'x 58–60 (challenged comments in bold). Deutsch argues these comments require vacatur of his convictions because they inflamed the jury, encouraged "murderous rage" against him, and impermissibly referenced uncharged conduct (child molestation).

We review unpreserved objections for plain error. "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." Fed. R. Crim. P. 52(b). Deutsch must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected his substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Osuba*, 67 F.4th 56, 65 (2d Cir. 2023); *United States v. Mendonca*, 88 F.4th 144, 152 (2d Cir. 2023).

The district court's comments, viewed in their broader context, survive plain error review. The effect of the court's comments is subject to reasonable

dispute: while Deutsch argues the comments incited the jury against him, they might also be viewed as impressing on the jury that, regardless of any emotional reaction they may have to the alleged offense conduct, the jury could only convict Deutsch based on the evidence presented and the crimes charged.

Moreover, even if the district court's comments were improper, they did not affect the outcome of the case. The comments came at the very beginning of a five-day trial in which the jury heard testimony from three victims, saw transcripts of the victims' extensive, sexually explicit conversations with Deutsch, and viewed numerous sexually explicit photos and videos of the minor victims. In the face of such evidence, the district court's comments do not constitute plain error.

### III. Sentence and Term of Supervised Release

Deutsch contends the district court committed procedural error at sentencing by referencing "literature" that purportedly suggests individuals convicted of sexual exploitation crimes struggle to rehabilitate and tend to reoffend. Specifically, in the context of a discussion regarding the risk of recidivism, defense counsel and the district court engaged in the following colloquy:

9

THE COURT: But you know [the recidivism point] is debatable. **I know there is a lot of literature out there, some of which I read, which suggests that people who have this type of problem really have a very difficult time really transforming into normal behavior, whatever that means; that they are basically psychologically impaired for life**. And there is some other arguments that say is it possible for somebody to change? But I think **it is really seriously debatable whether or not somebody with this type of affliction is really able to really, really get rid of that, regardless of how much therapy the person gets**. It is debatable.

MR. SUNDARAM: I'm familiar with the literature that Your Honor is talking about. I would note, however, that most of that is focusing on serial—most of that is focusing on conduct where people are attracted to children, they go after children and they actually physically engager [sic] children. . . .

THE COURT: One of the things which I am thinking of doing is even though Probation recommends a five-year supervised release, **I think lifetime supervision is required here to protect the public, because there is so much literature out there that tells us how difficult it is for somebody to change with this type of affliction**.

App'x 763–65 (challenged comments in bold). Deutsch disputes whether such literature exists, offers statistics of his own demonstrating relatively low recidivism rates of similarly situated individuals, and argues that the court's sentence of 20 years' imprisonment and lifetime supervised release must be vacated due to the court's reliance on unsupported assumptions.

10

We review objections to the procedural reasonableness of a sentence for abuse of discretion.[3] *United States v. Cavera*, 550 F.3d 180, 188 (2d Cir. 2008). A sentencing court commits procedural error when it "bases its sentence on clearly erroneous facts," such as "its own scientific theories of human nature" regarding a person's propensity to reoffend. *United States v. Cossey*, 632 F.3d 82, 86–88 (2d Cir. 2011).

As to the term of supervised release, we conclude the district court exceeded its discretion in sentencing Deutsch based on unidentified literature regarding recidivism in cases like his. The district court imposed lifetime supervised release based solely on its belief that "there is a lot of literature out there" suggesting "how difficult it is for somebody to change with this type of affliction." App'x 763–65. Where a district court relies on unsupported factual findings to sentence a defendant, a finding of error is warranted. *Cossey*, 632 F.3d at 88; *see also United States v. Dorvee*, 616 F.3d 174, 183 (2d Cir. 2010).

We see no error as to Deutsch's carceral sentence because the record demonstrates the district court imposed a 20-year sentence based on the

---

[3] The government argues defense counsel failed to object before the district court, and, therefore, his procedural challenge should be reviewed only for plain error. We construe defense counsel's response to the court—distinguishing the purported literature from Deutsch's case—as a properly preserved objection. App'x 764.

seriousness of the offense conduct, not purported literature regarding recidivism rates. *See* App'x 742 ("[T]ell me why I should not impose a sentence that exceeds the mandatory minimum under the horrific facts of this case. . . . I listened to the testimony and all the evidence in this case, and it was shocking to me and I am inclined to impose a sentence that exceeds the mandatory minimum in this case."); *see also id.* at 768, 781–83.

## IV. Special Conditions of Supervised Release

Finally, Deutsch argues that the court failed to offer any explanation when it imposed special conditions of supervised release, including conditions requiring Deutsch to submit any electronic device for government monitoring of *all* data, including geolocation, without any reasonable suspicion requirement, and authorizing Probation to limit Deutsch to one internet-capable device.

"A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). Failure to provide such explanation is procedural error, which we may deem harmless only where the reasons for the special condition are "self-evident in the record." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir.

12

2004).  Here, Deutsch did not object to the conditions at the time they were imposed and thus concedes we must apply plain error review.

The district court erred because it did not "make an individualized assessment" or "state on the record the reason for imposing" the special conditions.[4]  *Betts*, 886 F.3d at 202.  To the contrary, the only explanation provided for these "extensive" conditions was that they "pretty much go with the territory when we are dealing with these types of crimes."  App'x 728–29.  Nor is the rationale for conditions of this scope sufficiently self-evident in the record.  *Balon*, 384 F.3d at 41 n.1.

Moreover, the condition authorizing Probation to limit Deutsch to one internet-capable device is error for an additional, independent reason: "any special condition granting *Probation* discretion to decide whether or not to restrict a supervisee to a single internet-connected device [constitutes] an impermissible delegation of the court's judicial authority."  *United States v. Kunz*, 68 F.4th 748, 767 (2d Cir. 2023) (emphasis added).  A restriction limiting a person to one

---

[4] We follow a long line of decisions in which we have vacated similarly extensive special conditions of supervised release imposed without individualized assessment or stated reasons. *See, e.g.*, *United States v. Oliveras*, 96 F.4th 298, 313–14 (2d Cir. 2024); *United States v. Sims*, 92 F.4th 115, 129 (2d Cir. 2024); *Syed v. United States*, 2024 WL 1598214, at *2–3 (2d Cir. Apr. 12, 2024); *United States v. Salazar*, 2023 WL 4363247, at *3 (2d Cir. July 6, 2023).

internet-capable device imposes a "significant burden" on their liberty and must be imposed by the court, not Probation. *Id.* Because the condition purporting to authorize Probation to limit Deutsch to one internet-capable device is unenforceable, *id*. at 768, the district court should revisit that condition on remand.

When a condition concerns electronic monitoring, it "must be narrowly tailored" and "not sweep so broadly as to draw a wide swath of extraneous material into its net." *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004). That said, we express no view on the substantive reasonableness of the digital monitoring condition, or any other special condition; we leave that analysis to the district court in the first instance. We simply vacate the special conditions of supervised release and remand for the district court to decide whether to re-impose them and, if so, whether to tailor the conditions to avoid inflicting any "greater restraint on liberty than is reasonably necessary." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020) (citing *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006)).[5]

_____

[5] The government argues Deutsch's challenge to the special conditions is not ripe because he will not be released from prison for a number of years and "[r]easonable judgments will almost certainly change about the appropriate monitoring techniques as technology advances in the

* * *

For the foregoing reasons, we **AFFIRM** the district court's judgment as to

Deutsch's convictions and carceral sentence, **VACATE** the judgment as to both

the term and special conditions of supervised release, and **REMAND** the case for

further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

intervening years."  Gov't Br. at 72.  However, at this juncture, Deutsch only challenges these conditions insofar as they were imposed without adequate explanation; he does not presently challenge their substantive reasonableness.  Therefore, his arguments are ripe for review. *Compare United States v. Balon*, 384 F.3d 38, 46–47 (2d Cir. 2004).