22-660-cr
United States v. Vanier

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-four.

PRESENT: JON O. NEWMAN,
JOHN M. WALKER, JR.,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 22-660-cr

RUBEN MORCIGLIO, AKA
SEALED DEFENDANT 1,

*Defendant*,

CARLTON VANIER, AKA SEALED
DEFENDANT 2,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR APPELLANT:                                    Devin McLaughlin, Langrock
                                                  Sperry & Wool, LLP,
                                                  Middlebury, VT

FOR APPELLEE:                                     Jacob H. Gutwillig, Elinor L.
                                                  Tarlow, Danielle R. Sassoon,
                                                  Assistant United States
                                                  Attorneys, *for* Damian
                                                  Williams, United States
                                                  Attorney for the Southern
                                                  District of New York, New
                                                  York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Vernon S. Broderick, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Carlton Vanier appeals from a judgment of the United States District Court for the Southern District of New York (Broderick, *J.*) convicting him, after a guilty plea, of sex trafficking of a minor victim in violation of 18 U.S.C. §§ 1591(a) and (b)(2) (Count One), and conspiracy to traffic a second minor victim in violation of 18 U.S.C. § 1594(c) (Count Two). On appeal, Vanier argues that the District Court erred in denying his motion to withdraw his guilty plea as to Count Two and in imposing special conditions of

2

supervised release without adequate explanation.  We assume the parties'

familiarity with the underlying facts and the record of prior proceedings, to

which we refer only as necessary to explain our decision to affirm.

## I.      Withdrawal of Guilty Plea

The District Court did not abuse its discretion in denying Vanier's motion

to withdraw his guilty plea as to Count Two.  *See United States v. Rivernider*, 828

F.3d 91, 104 (2d Cir. 2016).  Because Vanier moved to withdraw his guilty plea

after the District Court accepted it but before sentencing, he must show "a fair

and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).  In

assessing whether there is a "fair and just reason" for the withdrawal, courts

consider: "(1) whether the defendant has asserted his or her legal innocence in

the motion to withdraw the guilty plea; (2) the amount of time that has elapsed

between the plea and the motion (the longer the elapsed time, the less likely

withdrawal would be fair and just); and (3) whether the government would be

prejudiced by a withdrawal of the plea."  *United States v. Schmidt*, 373 F.3d 100,

102–03 (2d Cir. 2004).

First, the District Court was within its discretion in deciding that Vanier's

belated claim of innocence, unsupported by affidavit or sworn testimony, did not

3

undermine his sworn statements at his plea allocution. *See United States v. Gonzalez*, 970 F.2d 1095, 1100–01 (2d Cir. 1992); *see also Rivernider*, 828 F.3d at 105. Moreover, as the District Court noted, while Vanier's purported alibi rests upon his incapacitation in prison and a drug rehabilitation facility for a portion of the time period alleged in Count Two, Vanier admits that he was at liberty for more than 300 days during that time period. Second, Vanier concedes that the nearly year-long delay between his plea and his motion counsels in favor of denying his motion. *See United States v. Carreto*, 583 F.3d 152, 157 (2d Cir. 2009); *United States v. Doe*, 537 F.3d 204, 213 (2d Cir. 2008). Finally, because Vanier "fail[ed] to show sufficient grounds to justify withdrawal of the plea," the Government "need not demonstrate prejudice." *United States v. Torres*, 129 F.3d 710, 715 (2d Cir. 1997).

Accordingly, we affirm the District Court's denial of Vanier's motion to withdraw his plea.

## II. Special Conditions

We affirm the District Court's imposition of special conditions of supervised release concerning computer monitoring of Vanier's internet-connected devices and a conditional prohibition on accessing adult

4

pornography.[1] Because Vanier failed to object to these conditions at sentencing, we review Vanier's claim for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Where, as here, the District Court fails to articulate an on-the-record explanation for the special conditions, we may uphold the conditions only if the District Court's reasoning is "self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted).

We affirm the challenged special conditions because the justification for each is self-evident in the record. Vanier's offense included using the internet to recruit, groom, and intimidate victims. Indeed, the internet played an integral role in allowing Vanier to advertise and coordinate the sexual abuse of trafficked minors. The nature of Vanier's sex offense is such that the adult pornography condition would evidently "meet the purposes of supervised release" by furthering the goal of rehabilitation. *See United States v. Balon*, 384 F.3d 38, 41 n.1

---

[1] The Government argues that Vanier's challenge to the adult pornography condition is not ripe because the sex offender treatment provider may approve the use of adult pornography. We disagree. We have deemed challenges to special condition restrictions unripe if those restrictions "may or may not be imposed based on unspecified developments at an unspecified time in the future." *United States v. Kunz*, 68 F.4th 748, 769 (2d Cir. 2023). But challenges to conditions that involve "the already realized delegation of judicial power to a probation officer" are ripe for review. *Id*. Furthermore, the prohibition on accessing adult pornography is triggered the moment Vanier is on supervised release. The sex offender treatment provider's assessment is a condition subsequent that may terminate the prohibition, rather than a condition precedent that may or may not trigger the prohibition.

(2d Cir. 2004).  We conclude, therefore, that the District Court did not plainly err in imposing the special conditions because, on this record, they are self-evidently related to the nature and circumstances of Vanier's offense.  *See United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020); *United States v. Browder*, 866 F.3d 504, 512 (2d Cir. 2017); *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006).

We have considered Vanier's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court