22-1923-cr
United States v. Hernandez

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 19th day of May, two thousand twenty-five.

PRESENT: DENNIS JACOBS,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 22-1923-cr

JUAN HERNANDEZ, AKA SEALED DEFENDANT 10,

*Defendant-Appellant*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

FOR DEFENDANT-APPELLANT:  PETER J. TOMAO, Garden City, New York

FOR APPELLEE:  ADAM HOBSON, Assistant United States Attorney (Patrick R. Moroney, David Robles, Olga I. Zverovich, Assistant United States Attorneys, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Valerie E. Caproni, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant Juan Hernandez, who pleaded guilty to one count of conspiracy to distribute narcotics in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846, appeals from a July 14, 2022 judgment of the United States District Court for the Southern District of New York (Caproni, *J.*) sentencing him principally to a term of 16 years' imprisonment followed by a five-year term of supervised release. Hernandez challenges various special conditions of his supervised release. We assume the parties' familiarity with the underlying facts and the record of prior

2

proceedings, to which we refer only as necessary to explain our decision to affirm.

Because Hernandez did not object to the imposition of any special conditions, we review his claims for plain error. *See United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020). Conditions of supervised release "must be related to sentencing purposes and must impose no greater restraint on liberty than is reasonably necessary to accomplish sentencing objectives." *Id.*; *see* U.S.S.G. § 5D1.3(b).

Hernandez first challenges the special condition subjecting him to searches by the Probation Office. He focuses in particular on searches of his "computer, other electronic communications, data storage devices, [and] cloud storage or media." App'x 190. We have upheld similar special conditions on plain error review where, as here, the condition requires that any search be supported by "reasonable suspicion" of wrongdoing and conducted "at a reasonable time and in a reasonable manner." *United States v. Lewis*, 125 F.4th 69, 77 (2d Cir. 2025) (quotation marks omitted); *see United States v. Oliveras*, 96 F.4th 298, 315 (2d Cir. 2024). Although the District Court did not articulate its reasons for imposing this condition, those reasons are "self-evident in the record" in view of Hernandez's

3

lengthy criminal history and his repeated use of cell phones in furtherance of the drug conspiracy. *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (quotation marks omitted); *see Lewis*, 125 F.4th at 77. We therefore conclude that the District Court's imposition of this special condition was not plain error.

Hernandez next contends that the District Court improperly delegated authority to the Probation Office when it required that he participate in outpatient drug and mental health treatment programs without specifying the programs. Because Hernandez suffers from forms of mental illness and has substance abuse problems, these special conditions are "generally recommended." *See United States v. Asuncion-Pimental*, 290 F.3d 91, 94 (2d Cir. 2002). And where, as here, a district court imposes mandatory outpatient drug and mental health treatment "but leaves a variety of details . . . to the probation officer" regarding programming and scheduling, "such a condition . . . may be imposed." *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001); *see also* U.S.S.G. § 5D1.3(d)(4), (5). We accordingly find no plain error in the District Court's imposition of the special conditions requiring outpatient drug and mental health treatment.

4

Last, Hernandez challenges as impermissibly vague and overbroad the special condition requiring that he "not frequent neighborhoods known to be controlled by the Black Mob or the Latin Kings" while on supervised release. App'x 190. As Hernandez's counsel agreed at oral argument, however, any vagueness or overbreadth problems are cured if we assume, as we do here, that the geographic prohibition limits Hernandez only from frequenting neighborhoods known *by him* to be controlled by these groups and excludes "incidental contacts" with proscribed neighborhoods. *United States v. Green*, 618 F.3d 120, 123 (2d Cir. 2010) (quotation marks omitted); *see also* Oral Argument Audio Recording at 30:19–:38, 31:31–:48. So construed, the condition is not unconstitutionally vague or overbroad.[1]

We have considered Hernandez's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Of course, nothing prevents Hernandez from moving before the District Court to modify the condition to explicitly reflect this construction. *See* Fed. R. Crim. P. 32.1(c).