22-2067-cr
*United States v. Melo*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-four.

PRESENT:
> ROBERT D. SACK,
> REENA RAGGI,
> JOSEPH F. BIANCO,
> > *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                        22-2067-cr

ALEXANDER MELO, a/k/a ALEXANDER MELLO

> *Defendant-Appellant.*

---

FOR APPELLEE:                          HAGAN SCOTTEN, Assistant United States Attorney (Olga I. Zverovich, Assistant United States Attorney, *on the brief*), *for* Damian Williams, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                    NATHAN J. GUEVREMONT (James I. Glasser, *on the brief*), Wiggin and Dana LLP, New Haven, Connecticut.

Appeal from a judgment of the United States District Court for the Southern District of New York (Naomi Reice Buchwald, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment, entered on September 13, 2022, is **AFFIRMED.**

Defendant-Appellant Alexander Melo appeals from the district court's judgment revoking his supervised release and sentencing him to twenty-four months' imprisonment to be followed by three years' supervised release. Specifically, Melo challenges the procedural reasonableness of his sentence and also argues that the district court imposed conditions of supervised release that impermissibly delegated authority to the United States Probation Office. We review a district court's sentencing determination for procedural and substantive reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks and citation omitted). This same standard applies to sentences imposed following the revocation of supervised release. *United States v. Brooks*, 889 F.3d 95, 100 (2d Cir. 2018) (per curiam). Where a defendant raises an objection for the first time on appeal, however, this Court "review[s] the sentence only for plain error."[1] *United States v.*

---

[1] Under the plain error standard, we "correct an error not raised at trial only where the [defendant] demonstrates that (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the [defendant's] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alterations adopted) (internal quotation marks and citation omitted).

*Ramos*, 979 F.3d 994, 998 (2d Cir. 2020). In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[2]

On July 9, 2018, Melo pled guilty to conspiring to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). Melo was sentenced to twenty-four months' imprisonment, to be followed by three years' supervised release. On April 5, 2019, Melo completed his term of imprisonment and began an inpatient drug treatment program. In November 2019, while on supervised release, Melo was indicted in a new federal case in the Southern District of New York (which was assigned to the Honorable Paul G. Gardephe) and was charged with conspiracy to distribute and possess with intent to distribute crack cocaine as well as possessing a firearm as a convicted felon. Melo ultimately pled guilty to one count of using a communication facility in furtherance of a narcotics offense, in violation of 21 U.S.C. § 843(b). At sentencing, Judge Gardephe found that Melo's underlying conduct included selling crack cocaine, and that he had posted a video on social media of himself holding a shotgun. Judge Gardephe sentenced Melo to five years' imprisonment, to be followed by three years' supervised release.

On September 8, 2022, in the revocation proceeding that is the subject of this appeal, Melo admitted to violating his supervised release based on his guilty plea for violating Section 843(b)

---

[2] Although Melo does not dispute that he failed to raise his procedural objections at sentencing, he contends that we should apply a relaxed plain error standard of review, *see United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002), which would require him to demonstrate only "that there is an error, and that the error is clear and obvious," *United States v. Haverkamp*, 958 F.3d 145, 150 (2d Cir. 2020). We need not decide this issue because, even if we were to apply the more relaxed standard in this context, our decision to affirm the district court's judgment would remain unchanged for the reasons set forth *infra*.

in the 2019 case. The district court sentenced Melo to the statutory maximum two years' imprisonment and three years' supervised release, with the imprisonment to run consecutively to, and the supervised release to run concurrently with, the sentence imposed in the 2019 case. The district court imposed the special conditions of supervised release contained in the 2019 sentence, but also required Melo to participate in "mental health counseling as directed by the probation office." Joint App'x at 75.

## I.  Procedural Reasonableness

On appeal, Melo challenges the procedural reasonableness of his sentence. "A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [Section] 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Smith*, 949 F.3d 60, 66 (2d Cir. 2020) (internal quotation marks and citation omitted).

First, Melo argues that his sentence was procedurally unreasonable because the district court did not explicitly calculate the relevant Guidelines range and that the failure to perform that calculation constituted plain error. We disagree and conclude that the record adequately reflects that the district court satisfied its obligation to determine the applicable Guidelines range. During the sentencing colloquy, the government informed the district court that it had recommended a sentence of thirty months' imprisonment in its submission based on an error in the amended violation report that stated that the Guidelines range was thirty to thirty-seven months. The government explained that the range was incorrect because the statutory maximum for the violation was twenty-four months' imprisonment. In response, the district court stated it had

4

"already caught that." Joint App'x at 64. The government then clarified that, based upon that correction, it was lowering its sentencing request to twenty-four months' imprisonment. Although the district court did not explicitly state the Guidelines range, the record adequately reflects that the district court was aware that the statutory maximum sentence of twenty-four months' imprisonment was in fact the recommended Guidelines sentence. *See* U.S.S.G. § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Thus, we conclude that the district court "calculated the Guidelines in sufficient detail to know" that the recommended Guidelines sentence was a term of imprisonment of twenty-four months. *See United States v. Corsey*, 723 F.3d 366, 375 (2d Cir. 2013) (finding no procedural error where the district court's "shortcut" in the calculation of the precise offense level "had no effect on appellants' ultimate Guidelines range"); *United States v. Crosby*, 397 F.3d 103, 113 (2d Cir. 2005) ("[W]e will not prescribe any formulation a sentencing judge will be obliged to follow in order to demonstrate discharge of the duty to consider the Guidelines. In other words, we will no more require robotic incantations by district judges than we did when the Guidelines were mandatory." (internal quotation marks and citation omitted)).

Second, Melo contends that the district court plainly erred because it did not properly consider the applicable factors under 18 U.S.C. § 3553(a). Although Melo notes that "the district court did not acknowledge the [Section] 3553(a) factors" during the sentencing, Appellant's Br. at 16, we have emphasized that "there is no requirement that the court mention the required [Section 3553(a)] factors, much less explain how each factor affected the court's decision," as, "[i]n the absence of contrary indications, courts are generally presumed to know the laws that govern their

5

decisions and to have followed them." *United States v. Banks*, 464 F.3d 184, 190 (2d Cir. 2006); *see also United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012) ("Where, as here, the sentence concerns a violation of supervised release and the ultimate sentence is within the recommended range, compliance with the statutory requirements can be minimal.").

Here, in stating its reasoning for the sentence, the district court was clearly referencing the substance of various Section 3553(a) factors without explicitly invoking each factor. For example, the district court was undoubtedly considering "the nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), as well as the need for the sentence "to protect the public from further crimes of the defendant, § 3553(a)(2)(C), when it noted that Melo's sale of drugs "pose[d] a danger to the community," Joint App'x at 74. Similarly, the district court's reference to Melo's criminal record and his involvement in drug crimes "over and over again," Joint App'x at 74, reflected consideration of, *inter alia*, Melo's "history and characteristics," § 3553(a)(1), and the need for the sentence to "afford adequate deterrence to criminal conduct," § 3553(a)(2)(B). In short, the record is more than sufficient to demonstrate that the district court properly considered the Section 3553(a) factors.

We find similarly unpersuasive Melo's assertion that the district court failed to properly review all materials relevant to its sentencing determination. During the sentencing proceeding, the district court noted that it had reviewed: (1) a letter from the government in connection with the sentencing; (2) a letter from Melo's counsel, which incorporated the sentencing submissions from the 2019 case, including a letter from Melo to Judge Gardephe; and (3) the sentencing transcript and superseding information from the 2019 case. Additionally, the district court stated that it received the Presentence Investigation Report ("PSR") in the 2019 case before Judge

Gardephe, but that it would not "claim [it] read it cover to cover" and instead had "read parts of it." Joint App'x at 53–54. The district court then asked if there were any other documents it should have reviewed in connection with the sentence, and both parties affirmed that there were no other relevant documents.

Melo argues that the district court's failure to read "cover to cover" his PSR from a different case constitutes plain error. We are unpersuaded. We have never required a district court imposing sentence for a violation of supervised release to read the PSR filed in a separate criminal case for the underlying crime that formed the basis of the supervised release violation. Moreover, Melo does not point to any material information in the 2019 PSR that was omitted from the other documents before the district court at the time of his sentencing on the supervised release violation. To be sure, Melo notes that the government erroneously informed the district court that he pled guilty to two counts of Section 843(b) in the 2019 case, when he actually pled guilty only to one count. However, there is nothing in the record to suggest that the district court relied upon the number of counts Melo ultimately pled guilty to in the 2019 case in determining its sentence on the supervised release violation. Instead, the district court stated its correct understanding that the "[b]ottom line is that the crime [Melo] pled guilty [to] and was sentenced for [in the 2019 case] is the predicate, essentially, the same as the specification he's pleading guilty to today," Joint App'x at 53, and then focused on the breach of trust manifested by the violation, *see id.* at 73 ("Mr. Melo can . . . talk a good game about promises to the Court . . . [b]ut, the bottom line is that he breaks those promises."). *United States v. Ramos*, 979 F.3d 994, 1002 (2d Cir. 2020) ("[A] sentence for

7

a violation of supervised release should primarily sanction the defendant's 'breach of trust,' not the conduct constituting the violation itself." (citation omitted)).[3]

In sum, we discern no plain procedural error in the district court's sentence.

## II.     Special Conditions of Supervised Release

Melo also challenges the imposition of special conditions of supervised release requiring his participation in vocational and educational programs, as well as mental health treatment. Because there was no objection with respect to these special conditions at the sentencing, our review is for plain error. *See United States v. Dupes*, 513 F.3d 338, 343, 343 n.2 (2d Cir. 2008). Melo does not argue the district court lacked a reasonable basis to impose these conditions, but rather contends that the district court impermissibly delegated its sentencing authority to the Probation Office in imposing them. We disagree.

The power to impose special conditions of supervised release is vested exclusively in the district court. *See* 18 U.S.C. § 3583(d); U.S.S.G. § 5D1.3(b)–(e). Although "a district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule," it may not delegate "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015) (citing *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)).

---

[3] Melo also notes that the district court erroneously referred to him possessing a machine gun in connection with the 2019 case, even though it was a shotgun. However, the government promptly clarified that Melo possessed a shotgun and the district court confirmed, "[I]t was a shotgun. Not a machine gun." Joint App'x at 63.

At sentencing, the district court did not discuss the special condition requiring participation in vocational and educational programs except to indicate its intent to impose the same conditions as Judge Gardephe did in the 2019 case. In the 2019 case, Judge Gardephe unequivocally stated at sentencing: "Mr. Melo *will* participate in vocational and educational programs directed by the probation office. It is my intent that Mr. Melo participate in the probation department's program focused on those on supervised release obtaining employment." *United States v. Melo*, No. 19-cr-818, ECF No. 168, at 29 (emphasis added). We have made clear a mandatory special condition *can* permissibly delegate the details of the announced condition to the Probation Office. *See, e.g.*, *United States v. Villafane-Lozada*, 973 F.3d 147, 152–53 (2d Cir. 2020) (affirming special condition requiring verification testing that "left to the probation officer [the decision as to] the *type* of testing that would be employed"). Here, in mirroring the special condition that Judge Gardephe imposed in the 2019 case, there is no indication that the district court intended to remove the mandatory nature of Melo's participation in the vocational/educational programs, rather than merely to permissibly delegate the details of such programs to the Probation Office, as Judge Gardephe did.[4]

We reach the same conclusion as to the language in the special condition requiring mental health treatment, which the district court added to the special conditions imposed in the 2019 case. More specifically, the district court found at sentencing "that, particularly based on today's

---

[4] In any event, even if the district court did err in not reiterating the mandatory nature of the special condition as set forth in the 2019 case, Melo is already facing that mandatory condition in the 2019 case (which was not appealed), and his "substantial rights" are unaffected by the existence of the same concurrent condition in this case, as he will be supervised by a single probation officer under a single term of supervision. *Marcus*, 560 U.S. at 262.

proceeding, . . . a condition of mental health counseling should be added to [Melo's] conditions of supervised release." Joint App'x at 74; *see also id*. at 75 (reiterating that it would "add a condition of mental health counseling as directed by the probation office"). The written judgment further states, "Mr. Melo *must* participate in an outpatient mental health treatment program approved by the United States Probation Office." *Id*. at 82 (emphasis added); *see also Peterson,* 248 F.3d at 84 n.2 (noting it is "well established that it is permissible for the written judgment to resolve genuine ambiguities in the oral sentence" (internal quotation marks and citation omitted)). On plain error review, Melo has again failed to demonstrate that it is "clear and obvious" that the district court improperly delegated to the Probation Office the authority to determine whether Melo should participate in mental health treatment, as opposed to mandating such treatment and properly delegating its details to the Probation Office. *Haverkamp*, 958 F.3d at 150; *see also United States v. Young*, 910 F.3d 665, 671–72 (2d Cir. 2018) ("The written Mental Health Condition—'If indicated by the evaluation, the defendant shall participate in mental health treatment . . . .'— clearly and unambiguously orders [the defendant's] participation in mental health treatment. It leaves to the Probation Office's discretion only the approval of 'details of such treatment,' which is clearly permissible under *Peterson*." (citations omitted)).

*       *       *

We have considered Melo's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court