22-2601-cr
*United States v. Syed*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of April, two thousand twenty-four.

Present:
>            DEBRA ANN LIVINGSTON,
>                    *Chief Judge*,
>            REENA RAGGI,
>            BETH ROBINSON,
>                    *Circuit Judges*.

_____

JABRAN SYED, A/K/A DJAJWUFUNDK, A/K/A ITSMEEFAITHHH, A/K/A JAY_BIZZLE.FOSHIZZLE, A/K/A HELLOMYNAMEISTOMLO, A/K/A CHLOE,

>            *Defendant-Appellant*,

>    v.                                            22-2601-cr

UNITED STATES OF AMERICA,

>            *Appellee*.

_____

| | |
|---|---|
| For Defendant-Appellant: | KENDRA L. HUTCHINSON, Of Counsel, Federal Defenders of New York, New York, NY. |
| For Appellee: | ANDREW D. GRUBIN (Nicholas J. Moscow, *on the brief*), Assistant United States Attorneys, Of Counsel, *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED in part** and **VACATED in part**, and the case is **REMANDED**.

Defendant-Appellant Jabran Syed ("Syed") appeals from a September 26, 2022 judgment of the United States District Court for the Eastern District of New York convicting him, upon guilty plea, of two counts of attempted coercion and enticement of minors to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b), as well as one count of possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), and sentencing him principally to 120 months of incarceration, to be followed by 10 years of supervision by the United States Probation Office ("Probation"). On appeal, Syed contends that the 10-year term of supervised release is substantively unreasonable under the United States Sentencing Guidelines ("Guidelines"). He also challenges as both overbroad and procedurally infirm the imposition of a special condition of supervised release authorizing Probation to install on Syed's electronic devices "software/hardware . . . to capture and analyze all data processed by and/or contained on [any monitored] device, including the geolocation of the device," and which further authorizes Probation to "access the device and/or data captured by the monitoring software/hardware at any time with or without suspicion that the defendant has violated the conditions of supervision." A153, A141–42. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision.

## I. Term of Supervised Release

We review the substantive reasonableness of Syed's supervised release term "under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)); *see also United States v. Alvarado*, 720 F.3d 153, 156–57 (2d Cir. 2013) (evaluating supervised release term under abuse of discretion standard).[1] A sentence is substantively unreasonable if it is "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (quoting *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012)).

Here, Syed argues that his 10-year term of supervised release is substantively unreasonable because, as evidenced by his statement of remorse at sentencing, he has undergone a "genuine transformation" while in federal custody. This argument provides no basis for setting aside the district court's judgment. The 10-year term imposed by the district court is far less than the lifetime term recommended by the Guidelines, U.S.S.G. § 5D1.2(b), which we have often affirmed as reasonable in cases of sex offenders such as Syed. *See, e.g.*, *United States v. Raftopoulos*, 254 F. App'x 829, 831 (2d Cir. 2007) (summary order); *United States v. Kurzajczyk*, 724 F. App'x 30, 34 (2d Cir. 2018) (summary order). Moreover, Syed's counsel urged the district court at sentencing that it should lessen Syed's sentence of incarceration precisely because the court could "impose supervised release up to life, if it so chooses." A125. While we decline to treat this argument

---

[1] Syed did not challenge the substantive reasonableness of the supervised release term before the district court, raising the question whether to apply plain error review on appeal. But this circuit "ha[s] not decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence." *Thavaraja*, 740 F.3d at 259, n.4 (2d Cir. 2014) (citing *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008)). We need not decide the question here, as Syed's claim fails under the comparatively less rigorous abuse of discretion standard.

as a waiver of Syed's present challenge to his supervised release term, it reinforces our conclusion that his 10-year term of supervision is not "shockingly high," *see Muzio*, 966 F.3d at 64, especially in light of the facts and circumstances of Syed's crimes, which involved posing as a preteen girl on social media, coercing minors into sending him nude pictures, and possessing over 100 video and still images of child pornography, all while on probation for state charges involving the unlawful surveillance of a minor. Simply put, this is not the "exceptional case[] where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Thavaraja*, 740 F.3d at 259 (quoting *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*)). Accordingly, we affirm the district court's judgment as to the term of supervised release.

## II. Special Electronic Monitoring Condition

As to Syed's challenge to the special electronic monitoring condition imposed at sentencing, we review the imposition of special conditions "for procedural and substantive reasonableness." *United States v. Eaglin*, 913 F.3d 88, 94 (2d Cir. 2019). Here, Syed did not object to the condition at the time it was imposed and thus concedes that we should apply plain error review. Plain error review requires appellants to establish "(1) error (2) that is plain and (3) affects substantial rights," and, further, that the error "seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Villafuerte*, 502 F.3d 204, 209 (2d Cir. 2007) (internal quotation marks omitted). Nevertheless, where a defendant lacked notice of a challenged condition in the sentencing context, we may "relax the otherwise rigorous standards of plain error review to correct sentencing errors." *United States v. Sofsky*, 287 F.3d 122, 125 (2d Cir. 2002) (collecting cases where the court corrected unobjected-to sentencing errors without

requiring a showing of plain error).[2]  Under this relaxed standard, we conclude that the district court did err procedurally by failing to explain the reasons for the special condition imposed in this case.

"A district court is required to make an individualized assessment when determining whether to impose a special condition of supervised release, and to state on the record the reason for imposing it." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018).  Failure to provide such explanation is a procedural error, which we may deem harmless only where the reasons for the special condition are "self-evident in the record." *United States v. Balon*, 384 F.3d 38, 41 n.1 (2d Cir. 2004).

Here, the district court erred in that it did not "make an individualized assessment" or "state on the record the reason for imposing" the challenged condition.  *See Betts*, 886 F.3d at 202.  To the contrary, the district court said nothing at all to justify the condition.  Nor is the rationale for the monitoring condition sufficiently self-evident in the record, *see, e.g.*, *Balon*, 384 F.3d at 41 n.1, such that we may overlook this procedural error.  As to the provision for geolocation monitoring, for instance, the Government argues that it is useful because Syed committed his offenses with a device that he was concealing from a state probation officer.  But it is not obvious how geolocation data from authorized devices would help authorities discover contraband devices that do not have the relevant monitoring software installed.  Similarly, the record is silent as to why

---

[2] We recently suggested that defense counsel should be informed in advance of the special conditions to be imposed at sentencing in order to avoid situations such as the one here, where defense counsel first learns of a condition at the sentencing hearing.  *See United States v. Salazar*, 2023 WL 4363247, at *2 n.1 (2d Cir. 2023) (summary order).  We repeat our advice that courts in the Eastern District of New York "adjust their practices and disclose proposed special conditions in advance of sentencing as a matter of course." *Id.*

other conditions permit Probation to access Syed's electronic information only upon "reasonable suspicion," while the challenged condition requires no predicate level of suspicion. *See* A151, A152, 153.

We have previously held that when a condition concerns electronic monitoring, it "must be narrowly tailored" and "not sweep so broadly as to draw a wide swath of extraneous material into its net." *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir. 2004). That said, we express no view on the substantive reasonableness of the challenged condition here, which should be addressed in the first instance by the district court. We simply vacate the challenged condition and remand for the district court to decide whether to re-impose it with more explanation and, if so, whether to tailor it to avoid inflicting any "greater restraint on liberty than is reasonably necessary." *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020) (citing *United States v. Johnson*, 446 F.3d 272, 277 (2d Cir. 2006)).

*         *         *

We have considered Syed's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the district court's judgment as to the term of his supervised release, **VACATE** the judgment as to the challenged special condition, and **REMAND** the case for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6