22-3236-cr
*United States v. Rodriguez*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand twenty-five.

PRESENT:
> JOSEPH F. BIANCO,
> MYRNA PÉREZ,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                              22-3236-cr

EVA CHRISTINE RODRIGUEZ, AKA SEALED DEFENDANT 1, AKA CHRISTINA RODRIGUEZ, AKA ELIZABETH CHRISTINA POWERS, AKA ELIZABETH CHRISTINA DAVIS, AKA CHRISTINA ELIZABETH DAVIS, CHRISTINA ANDERSON,

> *Defendants,*

SERGIO LORENZO RODRIGUEZ, AKA SERGIO LAWRENCE, AKA MICHAEL LARA,

> *Defendant-Appellant.*

---

FOR APPELLEE:                                    REMY GROSBARD (James Ligtenberg, *on the brief*), Assistant United States Attorneys, *for* Danielle R. Sassoon, United States Attorney for the Southern District of New York, New York, New York.

FOR DEFENDANT-APPELLANT:                          BRENDAN WHITE, White & White, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court, entered on December 14, 2022, is **AFFIRMED** in part and **VACATED** in part, and the case is remanded for further proceedings consistent with this summary order.

Defendant-Appellant Sergio Lorenzo Rodriguez appeals from the district court's judgment of conviction following his guilty plea to one count of wire fraud, in violation of 18 U.S.C. § 1343. The conviction related to a scheme to defraud financially distressed consumers facing foreclosure, which involved Rodriguez and his co-conspirators using a variety of deceptive marketing practices to recruit those homeowners as fee-paying customers including, *inter alia*, by making false representations as to how they could assist them with mortgage modifications. The district court sentenced Rodriguez principally to 48 months' imprisonment, to be followed by a three-year term of supervised release. On appeal, Rodriguez challenges three conditions of supervised release, namely: (1) the standard condition prohibiting him from associating with individuals convicted of a felony without the permission of the probation officer (the "Non-Association Condition"), to the extent the condition applies to his contact with his mother, who was a co-defendant in the case; (2) the standard condition requiring him to notify third parties to whom he poses a risk (the "Risk-

Notification Condition"); and (3) the special condition requiring him to submit his person, residence, vehicle, and other property to a search by a probation officer based upon reasonable suspicion (the "Search Condition"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

"District courts possess broad discretion in imposing conditions of supervised release." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018). A district court may impose a standard or special condition if it is "reasonably related" to: "(A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]" U.S.S.G. § 5D1.3(b)(1); *accord* 18 U.S.C. §§ 3553(a), 3583(d)(1). Further, a non-mandatory condition must "involve no greater deprivation of liberty than is reasonably necessary" for those purposes, and it must be "consistent with any pertinent policy statements issued by the Sentencing Commission." U.S.S.G. § 5D1.3(b)(2); *accord* 18 U.S.C. § 3583(d)(2)–(3); *United States v. Myers*, 426 F.3d 117, 123–25 (2d Cir. 2005). Thus, a district court's discretion to impose conditions of supervised release is not unfettered, and we "will carefully scrutinize unusual and severe conditions." *Myers*, 426 F.3d at 124 (internal quotation marks and citation omitted). In addition, although "a district court may delegate to a probation officer decisionmaking authority over certain minor details of supervised release—for example, the selection of a therapy provider or treatment schedule"—it may not delegate "decisionmaking authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States*

3

*v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015) (citing *United States v. Peterson*, 248 F.3d 79, 85 (2d Cir. 2001)).

The Non-Association and Search Conditions were recommended in the Pre-Sentence Report ("PSR"); Rodriguez therefore had notice of those conditions prior to sentencing. He nonetheless failed to object to them, so we review the district court's imposition of those conditions for plain error. *United States v. Dupes*, 513 F.3d 338, 343 & n.2 (2d Cir. 2008). For there to be plain error, a defendant must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Miller*, 954 F.3d 551, 557–58 (2d Cir. 2020) (internal quotation marks and citation omitted).

### I.     The Non-Association Condition

Rodriguez challenges the standard Non-Association Condition (Standard Condition 8), only to the extent that condition applies to his contact with his mother, who was a co-defendant in the case.[1] The government concedes that the Non-Association Condition should be vacated and requests a limited remand "to allow the [d]istrict [c]ourt to either provide further justification for the Non-Association Condition as applied to communications with Rodriguez's mother or to exempt such communications from the condition." Appellee's Br. at 10. We agree.

As we have emphasized, "when a fundamental liberty interest is implicated by a sentencing condition, we must first consider the sentencing goal to which the condition relates, and whether the record establishes its reasonableness," and "[w]e must then consider whether it represents a

---

[1] The standard Non-Association Condition contained in the written judgment provides: "You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer." App'x at 119.

greater deprivation of liberty than is necessary to achieve that goal." *Myers*, 426 F.3d at 126. In particular, in *Myers*, we held that a condition restricting a father from associating with his child implicated a fundamental liberty interest and explained that "the record was inadequate on both prongs of the inquiry, allowing us neither to identify the goal to which the condition related nor to determine whether an undue deprivation of liberty occurred." *Id*. We have made clear that even when the fundamental liberty interest is implicated by a "standard" condition of supervised release, rather than by a special condition, imposition of that condition without the requisite individualized findings is error. *See United States v. Bryant*, 976 F.3d 165, 184 (2d Cir. 2020) (holding that, when the non-association standard condition implicates a protected familial relationship, a "thorough justification is required"). Moreover, as we explained in *Bryant*, "because a restriction regarding communications and interactions with an immediate family member implicates a liberty interest, that determination is not a minor detail that can be left to the discretion of the Probation Department." *Id*.

Here, the district court did not address the applicability of the standard Non-Association Condition to interactions between Rodriguez and his mother and, thus, did not provide the requisite justification for any restriction on those interactions. Therefore, as the government concedes, remand is warranted. Nevertheless, to the extent that Rodriguez suggests that the condition must be stricken as it applies to his mother and thus no remand for further consideration of that issue by the district court is necessary, we disagree. We have emphasized that "it would be permissible in certain circumstances to restrict contact on supervised release between a defendant and an immediate family member if a sufficient showing for such a restriction is made." *Id.* at 183. However, because this issue was not raised at sentencing, we cannot discern whether the district court intended for this standard condition to apply to Rodriguez's interactions with his mother and,

5

if that was its intent, we conclude that there is an insufficient record for us to examine whether it properly exercised its discretion in doing so. Indeed, the government contends that "the record is replete with evidence that may justify restricting contact between Rodriguez and his mother" based upon their joint participation in this criminal scheme, and the government should have the opportunity to present those arguments and evidence to the district court. *See* Appellee's Br. at 13. Accordingly, under these circumstances, "we will remand to allow the district court to provide further justification for this condition as applied to" Rodriguez's mother "or to exempt such communications and interactions from the restriction." *Bryant*, 976 F.3d at 184; *see also Myers*, 426 F.3d at 125–28 (remanding for further factual development of the record).

## II.     The Risk-Notification Condition

Rodriguez next challenges the standard Risk-Notification Condition (Standard Condition 12), arguing that (1) it impermissibly delegates the discretion to the probation officer to determine whether such notification to a third party is warranted, and (2) the district court failed to orally pronounce that standard condition at sentencing.[2]

In *United States v. Boles*, we vacated the standard Risk-Notification Condition because it "is vague and affords too much discretion to the probation officer." 914 F.3d 95, 111 (2d Cir. 2019). Following *Boles*, the Chief Judge for the Southern District of New York issued a standing order vacating and eliminating this standard condition from all judgments in the District (the "Standing Order"). *See* Second Amended Standing Order M10-468, *In the Matter of Vacatur of Standard Condition of Supervision Pertaining to Third Party Risk*, No. 19-mc-218 (CM)

---

[2] The standard Risk-Notification Condition contained in the written judgment provides: "If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk." App'x at 119.

(S.D.N.Y. July 1, 2019). The Standing Order specifically stated that any defendant "sentenced subject to said [standard] condition is immediately and permanently relieved from said condition[.]" *Id.* The government agrees that the Standing Order vacated and eliminated the standard Risk-Notification Condition, and that Rodriguez should not be subject to it. *See* Appellee's Br. at 14–15. Furthermore, as the Standing Order observes, the Condition is improper under our decision in *Boles*. Accordingly, we vacate the judgment with respect to the Risk-Notification Condition, and direct that condition to be stricken from the judgment.

### III. The Search Condition

Lastly, Rodriguez argues that the special Search Condition must be vacated because it was not supported by an individualized assessment as to its necessity and, in any event, was an overbroad intrusion on his liberty interests.[3] We disagree.

To be sure, as we recently reiterated, "[o]ur precedent makes clear that for the imposition of special conditions of supervised release to be procedurally reasonable, a [d]istrict [c]ourt must make an individualized assessment when determining whether to impose a special condition of supervised release, and . . . state on the record the reason for imposing it, and any explanation provided by the District Court must be adequately supported by the record." *United States v. Sims*, 92 F.4th 115, 123 (2d Cir. 2024) (alteration adopted) (internal quotation marks and citation omitted). Here, the district court did not provide an explanation for the imposition of the Search

---

[3] The special Search Condition contained in the written judgment provides: "You shall submit your person, and any property, residence, vehicle, papers, computer, other electronic communication, data storage devices, cloud storage or media, and effects to a search by any United States Probation Officer, and if needed, with the assistance of any law enforcement. The search is to be conducted when there is reasonable suspicion concerning violation of a condition of supervision or unlawful conduct by the person being supervised. Failure to submit to a search may be grounds for revocation of release. You shall warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search shall be conducted at a reasonable time and in a reasonable manner." App'x at 120.

7

Condition. That was error.[4] *See Betts*, 886 F.3d at 202.

We have held, however, that when a district court does not provide the required explanation, we may still uphold the condition imposed "if the district court's reasoning is self-evident in the record" and the challenged condition is "reasonably related to the sentencing objectives." *Id.* (internal quotation marks and citation omitted). Here, we conclude that Rodriguez has failed to establish that imposition of the Search Condition without explanation was plain error because he has not shown that the error "seriously affects the fairness, integrity[,] or public reputation of judicial proceedings." *Miller*, 954 F.3d at 557–58.

The record reflects that Rodriguez participated in a fraudulent mass-marketing scheme that resulted in over 1,200 customers paying over $3.4 million in prohibited advance fees. The sentencing judge emphasized that, in her over two decades as a state and federal judge, this case involved "the worst fraud scheme that [she had] seen because [Rodriguez and his mother] chose poor, vulnerable people to scam and caused tremendous anguish." App'x at 101. Notably, Rodriguez executed this scheme *both* by sending bulk mailings through the United States Postal Service *and* by using electronic devices to send emails to targets and victims. The use of both electronic and physical means to commit the fraud defeats Rodriguez's claim that the condition is overbroad. *See, e.g.*, *United States v. Lewis*, 125 F.4th 69, 73, 76–77 (2d Cir. 2025) (per curiam) (affirming search condition permitting search of defendant's "person and property" in a wire fraud case).

Moreover, Rodriguez continued to operate this scheme even after he was sued by the

---

[4] As an initial matter, the government argues that Rodriguez affirmatively waived his objection to the Search Condition by consenting, at sentencing, to the conditions recommended in the PSR, which included the Search Condition, and thus we should not even review his challenges for plain error. *See United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007). However, because we conclude that Rodriguez has failed to demonstrate plain error, we need not address the government's waiver argument.

8

Federal Trade Commission for consumer fraud and was enjoined from selling debt relief products. As the district court explained, Rodriguez and his mother "defied a permanent injunction by enlisting another one of their relatives to operate a mortgage modification company using aliases and similar deceptive practices." App'x at 101. His willingness to continue his fraud despite being aware that federal authorities were investigating him suggests that routine reporting to probation may be insufficient to deter Rodriguez from committing new offenses, which further supports the imposition of the condition.

Thus, on this record, we can discern that the district court imposed the Search Condition to deter Rodriguez from engaging in fraud or other criminal activity while on supervised release and because, as the United States Probation Office explained in the PSR, the condition "will allow the Probation Office to respond immediately if there is a reasonable belief that the defendant is engaging in similar activities and to further protect the community." PSR at 32.

Finally, "the condition's limitations on searches to circumstances in which reasonable suspicion of a supervised release violation exists and to a reasonable time and manner of search ensure that the condition 'imposes no greater restraint on liberty than is reasonably necessary.'" *United States v. Rakhmatov*, 2022 WL 16984536, at *3 (2d Cir. Nov. 17, 2022) (summary order) (alteration adopted) (quoting *United States v. Haverkamp*, 958 F.3d 145, 151 (2d Cir. 2020)).

In sum, Rodriguez has failed to demonstrate plain error in connection with the imposition of the Search Condition.

\* \* \*

We have considered Rodriguez's remaining arguments on appeal and conclude that they are without merit. Accordingly, we **VACATE** the judgment of the district court as to the Non-Association Condition (Standard Condition 8) and the Risk-Notification Condition (Standard

9

Condition 12), **AFFIRM** the judgment in all other respects, and **REMAND** the case with directions to strike the Risk-Notification Condition from the judgment and to conduct further proceedings consistent with the summary order as to the Non-Association Condition.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court